# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**MACARIO SANTANA,**
    Plaintiff,

v.                                                          **Case No. 4:24-cv-51-CLM**

**WAYNE FARMS LLC**
**d/b/a WAYNE-SANDERSON**
**FARMS,**
    Defendant.

## MEMORANDUM OPINION

    Macario Santana sues his former employer, Wayne Farms LLC ("Wayne Farms"), for discriminating against him because of his race and national origin. Santana pleads two counts in his amended complaint. (Doc. 16). Wayne Farms has moved to dismiss both counts. (Doc. 19). As explained, the court **GRANTS** Wayne Farms' motion to dismiss but on different grounds than Wayne Farms urges. The court will allow Santana to amend his complaint by **March 4, 2025**.

## BACKGROUND

    Santana is an American citizen who was born in Mexico and speaks Spanish as his native language. Santana inspected chickens for Wayne Farms in Albertville from 2002 until he was fired in 2023. Below, the court recounts the facts that Santana pleads to show discrimination:

    1. *Restroom policy:* Santana alleges that he was treated differently than his non-Hispanic coworkers at Wayne Farms. For example, Santana says that his white coworkers were routinely allowed to take restroom breaks throughout their workday, while he was denied restroom breaks during his workday. (Doc. 16, ¶¶ 15-19). Santana names "Lisa" as one of these co-workers who received better treatment.

2. *The Supervisor:* Jose Hernandez was Santana's immediate supervisor. (*Id.* ¶ 20). Hernandez is also Hispanic but speaks fluent English. (*Id.*). Sanatana alleges that Hernandez often made derogatory remarks towards Santana because Santana was born in Mexico and had trouble speaking English. (*Id.* ¶¶ 21-22).

3. *The Birthday Rate:* Wayne Farms' policy allows employees who are scheduled for work on their birthday to either (a) take the day off, or (b) receive the holiday pay rate for their normal workday. (*Id.* ¶ 24). Santana's birthday is March 10. (*Id.* ¶ 25). Santana was scheduled to work on his birthday, and he chose to work on his birthday to receive the holiday pay rate for hours worked. (*Id.*). When Santana was paid during the following pay period, his paycheck did not include holiday pay for the hours he worked on his birthday. (*Id.* ¶ 26). Santana told Hernandez about the missing holiday hours, and Hernandez said he would correct the mistake. (*Id.* ¶ 28). After not receiving the missing holiday pay in his next pay check, Santana followed up with Hernandez. (*Id.* ¶ 29). Hernandez again told Santana that he would add the appropriate hours to the next check. (*Id.* ¶ 30).

4. *The Paycheck:* When Santana received his paycheck for May 7-13, 2023, the check included 7.8 hours of overtime pay. (*Id.* ¶ 32). Santana says that he did not work overtime during that week, and he did not submit paperwork claiming overtime pay for that week. (*Id.* ¶ 33). Rather, Santana says that Hernandez added the overtime hours to Santana's worksheet to account for the holiday hours that Hernandez failed to credit Santana for working on his March 10 birthday. (*Id.*, ¶ 39

5. *The termination*: Plant managers Ted Bull and Anthony Bowman (both white) decided instead that Santana falsified his time sheet to steal money from Wayne Farms. (*Id.*, ¶ 34-35). So they fired Santana. (*Id.*, ¶¶ 35-46). Hernandez helped make the decision.

6. *Lawsuit*: Santana filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue letter. (Doc. 1, pp. 12-16). Santana then sued Wayne Farms

here. (Doc. 16). Wayne Farm moves to dismiss both counts. (Doc. 19).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

In reviewing a Rule 12 motion, this court accepts the allegations in Santana's complaint as true and construes them in the light most favorable to Santana. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The ultimate question is whether Santana's allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). If the facts as pleaded could entitle Sanatana to relief, then the court must deny Wayne Farm's motion to dismiss. If, however, the court accepts all of Sanatana's pleaded facts as true, and Santana still would not be entitled to relief, then the court must grant the motion.

## DISCUSSION

Santana pleads two counts. Relying on the three-step *McDonnell Douglas* analysis, Wayne Foods asks the court to dismiss both counts because Santana fails to allege that Wayne Foods decided not to fire a non-Hispanic employee who similarly falsified a time sheet. (Doc. 20, pp. 4-11). In Part 2, the court explains why Wayne Foods' argument fails at the Rule 12 stage. But first, the court explains why it must dismiss Santana's complaint for a different reason.

**1.   Shotgun pleading**

Rule 8(a)(2) requires a plaintiff to plainly state his claim and why that claim entitles him to relief. Rule 10(b) requires a plaintiff to plead claims based on separate occurrences within separate counts. Despite these rules, Santana pleaded his two counts like this:

> ### Count One — Title VII
>
> 58.   Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.
>
> 59.   Plaintiff is protected from unlawful racial and national origin discrimination pursuant to Title VII of the Civil Rights Act as amended 42 U.S.C. §2000e *et. seq.* Title VII prohibits discrimination on the basis of race or national origin with respect to an individual's compensation, terms, conditions, or privileges of employment.
>
> 60.   Defendant discriminated against Plaintiff on the basis of his race and/or national origin in violation of Title VII of the Civil Rights Act as amended 42 U.S.C. § 2000e *et. seq.*
>
> 61.   Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

> **Count Two — Section 1981**
>
> 62. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.
>
> 63. Defendant discriminated against Plaintiff on the basis of his race with respect to his continued employment and other terms and conditions of employment in violation of 42 U.S.C. § 1981.
>
> 64. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

(Doc. 16, ¶¶ 58-64). Neither count tells Wayne Foods or this court what type of discrimination claim each count raises. For example, is Count I based on Wayne Foods allowing white workers but not Santana to use the restrooms (differential treatment), or Santana not getting holiday pay for working on his birthday (differential treatment), or Hernandez repeatedly making fun of Santana's national origin (hostile work environment), or Bull and Bowman firing Santana for Hernandez's mistake on the March 7-13 timesheet (wrongful termination)? If Count I pleads a wrongful termination claim, then why does it incorporate facts about the bathroom policy? And why does Count II incorporate facts about Santana's birth country when Section 1981 does not cover national origin claims?

Simply put, the court cannot decide whether Santana adequately pleaded a claim in Counts I or II because the court doesn't know what Santana's claims are. The court must therefore dismiss both counts as shotgun pleadings because both "fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Specifically, Santana's complaint commits two of the most common "sins" identified by the Circuit: (1) each count incorporates all preceding paragraphs rather than detail just the facts and law necessary to prove a claim, and (2) Santana

does not separate different theories of discrimination into distinct counts. *Id.* at 1321-24 (naming the four most common types of shotgun pleadings).

That said, based on the facts he pleads, the court finds that Santana could plead at least one viable claim. So the dismissal is without prejudice, meaning that Santana may amend his complaint to correct his shotgun pleading. If he does, the court warns Santana that it will strictly enforce Rules 8 and 10, especially Rule 10(b)'s requirement that "each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." That means, for example, if Santana believes that he was subjected to a hostile work environment and wrongly terminated, then he *must* plead those theories as separate counts. And in those counts, Santana *must* plead the law that Defendants violated and the facts—and just the facts—that would prove that violation. In other words, Santana cannot simply plead that he incorporates everything he pleaded before.

## 2. *McDonnell Douglas* as a Rule 12 defense.

If Santana amends his complaint, the court reminds Wayne Farms that Santana's complaint needn't include every fact necessary to make a prima facie case of discrimination under Step One of the *McDonnell Douglas* framework, or the facts needed to prove pretext under Step Three. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Instead, the "complaint need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Id.* (quotations omitted). So "when the well-pleaded factual allegations of a complaint plausibly suggest that the plaintiff suffered an adverse employment action due to intentional . . . discrimination," the complaint will survive a Rule 12 motion. *See id.*

In other words, the court is unlikely to grant an upcoming Rule 12 motion if Wayne Farms again argues that dismissal is required because Santana failed to name a similarly situated employee of a different race or national origin (*McDonnell Douglas* Step One) or failed to allege evidence that proves Wayne Foods race-neutral reason for acting was

pretext (*McDonnell Douglas* Step Three). As long as Santana's facts plausibly suggest that Wayne Foods took an adverse employment action because of Santana's protected characteristic (*e.g.*, race or national origin), then the court must find that Santana sufficiently pleaded his claim(s).

## CONCLUSION

For these reasons, the court **DISMISSES** Counts I and II of Santana's amended complaint **WITHOUT PREJUDICE**. Santana may file an amended complaint that complies with the federal rules by **March 4, 2025**. The failure to amend by March 4 will result in dismissal with prejudice.

**DONE** and **ORDERED** on February 18, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE